CC TO JUDGE   DJ

FILED
LOGGED
RECEIVED

**MAIL**

**APR 3 0 2001**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY



CV 00-01806 #00000029

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CYBERSPACE.COM, LLC, et al.** )<br>)<br>**Defendants.** )<br>) | **Case No. C00-1806** ⌐<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANTS CHRIS HEBARD AND COTO SETTLEMENT** |

The defendants Chris Hebard and Coto Settlement ("collectively Hebard defendants") oppose the plaintiff's motion to strike all of their affirmative defenses, and in support thereof, state as follows:

**I.    Background:   The FTC's Complaint and the Standard for Deception**

The complaint in this case alleges that the defendants engaged in the business practice of selling Internet access or services to consumers by offering them a check for $3.50 as an inducement to subscribe.  In order to cash or deposit the check, the

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 1 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W
Suite 1100
Washington, D.C   20036
(202) 737-7777

consumer was required to endorse it.  It is noteworthy that nowhere in the complaint is it alleged that defendants failed to disclose to consumers that endorsing the check would obligate them to pay for Internet service.  Indeed, such an allegation would be contrary to the facts as alleged generally in Hebard defendants' Fourth Defense. Instead, the complaint carefully limits the alleged failure to disclose by stating at ¶ 15, "Nothing on the face of the check or the invoice-like form alerts" the customer that endorsing the check for cash or deposit obligates them to purchase and pay for Internet service.  According to the complaint, it is this failure to have disclosures on the face of the check that underlies the charge in Count Three that defendants "failed to disclose clearly and conspicuously" the consequences of endorsing the check

The Hebard defendants' answer denies all allegations of deception and inadequate disclosure and affirmatively avers in the Fourth Defense that "the nature of the checks was fully disclosed to consumers in clear and conspicuous language, and any consumer who chose not to read the check or disregarded it is not entitled to relief." Answer, p. 4.   Moreover, both the complaint and the answer acknowledge that consumers were informed shortly after endorsing the check that they had become subscribers to the Internet service and that they could cancel the subscription at any time including the first thirty days after endorsing the check, i.e., before any payment was due. Complaint, ¶¶ 17, 20, 21; Answer, ¶¶ 17, 20, 21, Third, Fourth, Fifth and Sixth Defense.

In Counts One and Two of the complaint, respectively, the FTC alleges that the

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W
Suite 1100
Washington, D.C.  20036
(202) 737-7777

- 2 -

aforesaid business activity was deceptive in violation of Section 5 because defendants falsely represented that consumers were legally obligated to pay for the Internet services and that the solicitation check was a payment based upon a prior or ongoing business relationship.  Count Three also charges deception in the alleged failure to disclose clearly and conspicuously that endorsing the check  obligated the consumer to pay for the Internet service.

Since the FTC's decision *In The Matter of Cliffdale Associates, Inc., et al.,* 103 FTC 110 (1984), the law is beyond dispute that in order for conduct to be deceptive in violation of Section 5 of the FTC Act, it must satisfy the FTC's definition of deception articulated in its Policy Statement on Deception issued on October 14, 1983.  The standard was adopted by the Commission in its opinion in the *Cliffdale* case,  as follows:

> In finding the representations in respondents' advertisements to be deceptive the ALJ accepted complaint counsel's articulation of the standard for deception. He concluded that 'any advertising representation that has the *tendency and capacity to mislead or deceive a prospective purchaser is an unfair and deceptive practice which violates* the Federal Trade Commission Act.' (Citations omitted). We find this approach to deception and violations of Section 5 to be circular and therefore inadequate to provide guidance on how a deception claim should be analyzed. Accordingly, we believe it appropriate for the Commission to articulate a clear and understandable standard for deception.
>
> Consistent with its Policy Statement on Deception issued on October 14, 1983 (footnote omitted), the Commission will find an act or practice deceptive if, first, there is a representation, omission, or practice that, second, is likely to mislead consumers <u>acting reasonably under the</u>

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 3 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W
Suite 1100
Washington, D C   20036
(202) 737-7777

circumstances, and third, the representation, omission, or practice is material....

Similarly, the requirement that an act or practice be considered from the perspective of a 'consumer acting reasonably under the circumstances' is not new. Virtually all representations, even those that are true, can be misunderstood by some consumers. The Commission has long recognized that the law should not be applied in such a way as to find that honest representations are deceptive simply because they are misunderstood by a few. Thus, the Commission has noted that an advertisement would not be considered deceptive merely because it could be 'unreasonably misunderstood by an insignificant and unrepresentative segment of the class of persons to whom the representation is addressed.' (Footnotes omitted). (Emphasis added).

*Id.* at 164-65.

Thus, the law is clear that alleged deception does not violate Section 5 of the FTC Act unless the act or practice is considered in the context of a "consumer acting reasonably under the circumstances." *AMREP Corp. v. FTC*, 768 F.2d 1171 (10th Cir. 1985). This standard for deception has been uniformly followed by the Commission and the courts. See, e.g., *FTC v. Pantron I Corp.*, 33 F.3d 1088 (9th Cir. 1994); *Southwest Sunsites, Inc. v. FTC*, 785 F.2d 1431 (9th Cir. 1986); *Novartis Corp. v. FTC*, 223 F.3d 783 (D.C. Cir. 2000); *Kraft, Inc. v. FTC*, 970 F.2d 311 (7th Cir. 1992); *Haskell v. Time, Inc.*, 857 F. Supp. 1392 (E.D. Cal. 1994); *In the Matter of Figgie Int'l*, 107 F.T.C. 313 (1986); *In the Matter of Thompson Medical Co.*, 104 F.T.C. 648 (1984).

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 4 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D.C.  20036
(202) 737-7777

## II.   Plaintiff's Motion to Strike Hebard Defendants' Affirmative Defenses Should be Denied

### A.   The Second Defense That Complaint Fails to State a Claim Upon Which Relief Can Be Granted is Sufficient

As shown above, business activity cannot be deceptive under Section 5 of the FTC Act unless a reasonable consumer would be deceived or misled by the conduct in question. Notwithstanding this requirement clearly articulated by the Commission and courts since 1983, nowhere in the FTC's complaint is it alleged that a consumer, acting reasonably, was misled or deceived by the conduct alleged to violate Section 5 of the FTC Act. Indeed, there is not a single allegation that the consumers acted reasonably in not realizing that when they endorsed the check and accepted the $3.50 payment, they were obligated as subscribers to the Internet service offered and later provided. Thus, this failure to allege a critical element of a prima facie case of deception violative of Section 5 of the FTC Act provides a sufficient basis for defendants' Second Defense that the "complaint fails to state a claim on which relief may be granted." It is well settled that "dismissal [for failure to state a claim for relief] under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." 2 Moore's Federal Practice § 12.34[4][a], p. 12-72.7, (Matthew Bender 3d ed.), citing *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995); and *Pyles v. United Air Lines, Inc.*, 79 F.3d 1046, 1049 (11th Cir 1996).

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 5 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W
Suite 1100
Washington, D.C  20036
(202) 737-7777

The Hebard defendants' identification of the FTC's failure to allege the necessary element of reliance by a reasonable consumer distinguishes this case from those cases cited in its memorandum supporting the request to strike the Second Defense.  For example, in *FTC v. Hang-Up Art Enterprises, Inc.*, et al., 1995 U.S. Dist. Lexis 21444 (C.D. Cal. 1995), Plaintiff's Memorandum, Attachment C, the motion to strike was granted on the grounds that misrepresentations that deceive any buyers was sufficient to state a claim under Section 5 of the FTC Act.  In support of that proposition, the court cited two cases that pre-dated the *Cliffdale* decision.  It is apparent from the decision that the distinction between deceiving any buyers as opposed to reasonable buyers was never made in ruling on the motion.  The same can be said of the other cases relied upon by the FTC.  See, *FTC v. North East Telecommunications, Ltd.*, et al., 1997 U.S. Dist. Lexis 10531 and *FTC v. Image Sales & Consultants, Inc.*, et al , 1997 U.S. Dist. Lexis (N.D. Ind. 1997).  In *FTC v. Hayes*, et al., 1997 U.S. Dist. Lexis 7883 (E.D. Mo. 1997), the motion to strike was granted because an earlier motion to dismiss for failure to state a claim under Rule 12(b)(6) was denied.  Because the court had ruled earlier that the complaint did adequately state a claim for relief, the affirmative defense again raising that issue was stricken.

The FTC's complaint in this case is silent as to the indispensable element that the allegedly deceptive business practice misled  consumers acting reasonable under the circumstances.  In the *Cliffdale* decision and its progeny, Section 5's protection against deception does not extend to conduct that has only the tendency or capacity to

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 6 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D C.  20036
(202) 737-7777

deceive, or to conduct that misleads any consumer.  It is now necessary to plead and prove that the alleged deception misled consumers "acting reasonably under the circumstances." *Id.* The plaintiff's failure to include this element in its complaint renders the complaint defective and vulnerable to the Second Defense. Accordingly, the motion to strike the Second Defense should be denied.

Support for denying plaintiff's motion to strike is ample.  According to 5A  Wright & Miller, Federal Practice & Procedure, Civ.2d at ¶ 1380, Rule 12(f) motions to strike are generally disfavored and denied:

> Both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted  Thus, in order to succeed on a motion to strike surplus matter an answer, it must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.

*Id.* at 647-50   See also, *Spearman v. Tom Wood Pontiac-GMAC, Inc.*, 2000 WL 33125463 (S.D. Ind. 2000) ("Motions to strike affirmative defenses are disfavored because they potentially serve only to delay.....  A motion to strike affirmative defenses should be granted only if the affirmative defenses "'are insufficient on the face of the pleadings.'"....  In other words, affirmative defenses will not be stricken "if they are sufficient as a matter of law or if they present questions of law or fact."  (Citations omitted).); *Horn v. The Greenwood Rehab. Center, Inc.*, 1984 WL 531 (S.D. N.Y. 1984) ("Motions to strike defenses are disfavored.... Only those defenses which are clearly

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 7 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W.
Suite 1100
Washington, D C.  20036
(202) 737-7777

insufficient as a matter of law will be stricken." (Citations omitted)); *Millozni, et al. v. Hillside Bank*, 1985 WL 2729 (N.D. IL 1985); 61A Am.Jur.2d, ¶ 503, p. 408-410.

Plaintiff half-heartedly suggests in a footnote on page 8 of its memorandum that the Hebard defendants' Second Defense does not meet the pleading requirements of Rule 8(a), F.R.Civ.P. in that it does not provide the plaintiff adequate notice of the defense.  The suggestion is without merit and incorrectly relies upon Rule 8(a), applicable to the claims for relief by a plaintiff, not a defendant.  Rules 8(b) and (c) apply to answers filed by defendants.  Rule 8(b) requires that a "party shall state in short and plain terms the party's defenses to each claim asserted " Rule 8(c) requires that "a party shall set forth affirmatively" the specific defenses identified in that subsection, "and any other matter constituting an avoidance or affirmative defense."  Further, Rule 8(e) provides that "each averment of a pleading shall be simple, concise and direct." Hebard defendants' Second Defense satisfies the standards in Rule 8(b), (c) and (e).  In fact, defendants Second Defense is virtually identical to Form 20 of the appendix of forms attached to the Federal Rules of Civil Procedure.  Form 20 suggests the following language in asserting the defense of a failure to state a claim:  "First defense — The complaint fails to state a claim against defendant upon which relief can be granted." Hebard defendants' Second Defense is substantively undistinguishable: "The complaint fails to state a claim on which relief may be granted."  Accordingly, the plaintiff's attempt to invalidate a form pleading that is appended to the Federal Rules of Civil Procedure for illustrative purposes should be rejected.

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

-8-

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W.
Suite 1100
Washington, D C   20036
(202) 737-7777

## B.   Hebard Defendants' Third and Fifth Defenses Are Not Insufficient, Immaterial, or Impertinent to the Relief Requested

Hebard defendants' third defense states as follows: "Defendants have already refunded payments to all consumers entitled to them, and no further relief is warranted." The fifth defense is similar: "Many consumers were offered refunds and rejected them, and such consumers are barred from relief by the doctrine of waiver." These defenses are sufficient, material and pertinent to the plaintiff's claims that the alleged deceptive conduct of the defendants entitles the FTC to consumer redress, refunds of monies paid, and disgorgement of the ill-gotten gains. Complaint, at 7, ¶ 3.

In answer to a complaint, the defendant is required under Rule 8(c) to set forth "affirmatively...any other matter constituting an avoidance or affirmative defense." One such avoidance or affirmative defense to the plaintiff's claim for consumer redress and disgorgement is the fact that the defendants have already refunded or offered to refund payments to all consumers allegedly entitled to a refund.

The plaintiff's reliance on *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564 (7th Cir. 1989), for its argument that the defendants' Third and Fifth Affirmative Defenses are irrelevant to allegations of deception is misplaced for several reasons.  First, the argument fails to distinguish between facts relevant to the issue of deception and facts relevant to the issue of relief requested.  Second, *Amy Travel* did not involve a motion to strike affirmative defenses.  The holding relied upon by the FTC relates to the exclusion of certain evidence at trial that some customers were satisfied with the

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 9 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W
Suite 1100
Washington, D.C   20036
(202) 737-7777

1  defendant's services.  The court of appeals upheld the exclusion on the grounds that

2  the FTC does not have to prove that every customer is injured in order to establish

3  deception.  Thus, *Amy* has nothing to do with Hebard defendants' affirmative defenses

4
5  that consumer redress or disgorgement is not appropriate in this case because

6  consumers entitled to refunds have either received refunds or refused them when

7  offered.  Clearly, the Hebard defendants should be allowed to plead affirmatively that

8  the refunds were made or offered and, therefore, may serve as an avoidance of the

9  relief sought by the plaintiff. As the court held in *FTC v. Hang-Up Art Enterprises, Inc.,*

10
11 *et al.*, 1995 U.S. Dist. Lexis 21444 (C.D. Cal. 1995), a motion to strike will not be

12 granted if the insufficiency of the defense is not clearly apparent, or if it raises factual

13 issues that should be determined on a hearing on the merits."  In that case, the

14 affirmative defense raised factual issues as to causation of alleged damages and the

15 motion to strike was denied.  In this case, the Third and Fifth Defenses raise factual

16
17 issues relating to the FTC's claims for relief consisting of consumer redress, refunds and

18 disgorgement.  For this reason, the motion to strike these defenses should be denied.

19       **C.**     **Defendant Hebard's Fourth Defense**
20                 **Is Not Redundant**

21        The plaintiff argues that defendant Hebard's Fourth Affirmative Defense ("The

22 nature of the checks was fully disclosed to consumers in clear and conspicuous

23 language, and any consumer who chose not to read the check or disregarded it is not

24 entitled to relief") should be stricken because it is redundant of their denials of the

25
26
27 Opposition to Motion to Strike
28 Affirmative Defenses of Chris
   Hebard and Coto Settlement

          - 10 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W
Suite 1100
Washington, D.C.  20036
(202) 737-7777

*complaint's allegations that the defendants failed to disclose clearly and conspicuously* material conditions relating  to the consumers' endorsing defendants' checks.

One of the factual issues in this case is whether the consumers acted reasonably when they accepted defendants offer of $3.50 by endorsing the check despite multiple disclosures that the endorsement would obligate them to pay for an Internet services. In addition to denying the FTC's allegations that the disclosures were inadequate, the defendants have affirmatively pled that they, in fact, did make affirmative disclosures that were clear and conspicuous and that informed the consumers of the consequences of cashing or depositing the $3.50 check.  In other words, denying allegations of a failure to adequately disclose is not the same thing as an affirmative assertion that disclosures were made repeatedly that relate directly to the factual issue of whether the consumers acted reasonably in endorsing the check.  Rule 8(b) of the F.R.Civ.P. requires a defendant to "state in short, plain terms the party's defense to each claim asserted." *The Hebard defendants did precisely that in their denials to allegations of* failure to disclose clearly and conspicuously in paragraph 30 of the complaint.  See Answer, ¶ 30.  Rule 8(c) also requires that in answering  a complaint the defendant "shall set forth affirmatively...any other matter constituting an avoidance or affirmative defense." Hebard defendants have properly set forth, in accordance with Rule 8(c), the additional matter of fully disclosing to consumers the implications of endorsing the check, i.e., agreeing to pay for Internet services. Accordingly, plaintiff's motion to strike the Fifth Defense should be denied.

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 11 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W
Suite 1100
Washington, D.C   20036
(202) 737-7777

D.   **Hebard Defendants' Sixth Defense Is Not**
     **Insufficient, Immaterial, or Impertinent**

Rule 8(c) provides that the defendant shall affirmatively plead certain enumerated defenses including "accord and satisfaction," " res judicata," "estoppel" and "release." As the plaintiff aptly states in its memorandum at p. 12, these defenses "may be waived if not pleaded" in defendants' answer.  Defendants' answer satisfies the requirements of Rules 8(b) and 8(c), respectively, that the defendant "shall state in short, plain terms the party's defenses," [and], "shall set forth affirmatively" the defenses specifically identified in Rule 8(c).  Further, Rule 8(e) provides that "each averment of a pleading shall be simple, concise and direct."  Defendant Hebard's Sixth Defense satisfies these requirements in that it provides notice to the plaintiff that its claim for redress or disgorgement could be barred in whole or in part by the acts of consumers in accepting refunds or other payments or credits from the defendants. All of these methods of *payments, refunds or credits to consumers fall within the specific affirmative defenses* identified in Rule 8(c), including, but not limited to, accord and satisfaction, res judicata, estoppel and release.

Plaintiff's argument that these defenses are insufficient, immaterial or impertinent to its claims that defendants' conduct was deceptive in violation of Section 5 is no more persuasive relating to the Sixth Defense than it was when directed to the Third and Fifth Defenses.  As noted above, these defenses are directly relevant to the relief sought and are not related to whether there can be deception when some consumers are either

Opposition to Motion to Strike
Affirmative Defenses of Chris
Hebard and Coto Settlement

- 12 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N.W.
Suite 1100
Washington, D C   20036
(202) 737-7777

1  satisfied or not shown to have been injured.  In sum, these affirmative defenses raise

2  factual issues relating to the relief sought and therefore should not be stricken.

3                                  **CONCLUSION**

4

5        For the foregoing reasons, the plaintiff's motion to strike the Hebard defendants'

6  Second-Sixth Defenses should be denied.

7                              Respectfully submitted,

8

9

10  By: _____

         Glenn A. Mitchell (D.C. Bar # 185496)

11        David U. Fierst (D.C. Bar # 912899)
         STEIN, MITCHELL & MEZINES

12        1100 Connecticut Avenue, N.W.
         Suite 1100

13        Washington, D.C.  20036
         Phone: (202) 737-7777

14        Facsimile: (202) 296-8312

15

16        David J. Dadoun, WSBA #23948

17        Foster Pepper & Shefelman PLLC
         1111 Third Avenue, Suite 3400

18        Seattle, Washington 98101
         (206) 447-4400

19

20        Counsel for Chris Hebard and Coto
         Settlement

21

22

23

24

25

26

27  Opposition to Motion to Strike                    Stein, Mitchell & Mezines
    Affirmative Defenses of Chris                     1100 Connecticut Avenue, N W
28  Hebard and Coto Settlement                        Suite 1100
                              - 13 -                   Washington, D C   20036
                                                      (202) 737-7777

1

2

## **CERTIFICATE OF SERVICE**

3

4
    I, hereby, certify that a copy of the foregoing document was mailed, first-class,
postage prepaid, this 27 day of _____ April _____, 2001 to the following:

5

6

7

8

9
                    Collot Guerard
                    Stephen Gurwitz
                    Michael Goodman
                    Federal Trade Commission
                    600 Pennsylvania Avenue, N.W.
                    Suite 238
                    Washington, D.C.  20580

10

11

12
                    Joel Dichter
                    Klein, Zelman
                    485 Madison Avenue
                    15th Floor
                    New York, New York 10022

13

14

15
                    Derek A. Newman
                    Newman & Newman
                    1001 Fourth Avenue Plaza
                    Suite 3200
                    Seattle, Washington  98154

16

17

18

19

20
                    Glenn A. Mitchell

21

22

23

24

25

26

27
Opposition to Motion to Strike
Affirmative Defenses of Chris

28
Hebard and Coto Settlement

                    - 14 -

Stein, Mitchell & Mezines
1100 Connecticut Avenue, N W
Suite 1100
Washington, D C   20036
(202) 737-7777