UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

CYBERSPACE.COM, LLC, et al.,

    Defendants.

NO. C00-1806L

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AFFIRMATIVE DEFENSES OF IAN EISENBERG, FRENCH DREAMS, AND OLYMPIC TELECOMMUNICATIONS

This matter comes before the Court on the Federal Trade Commission's (the "FTC") motion under Fed. R. Civ. P. 12(f) to strike affirmative defenses of Ian Eisenberg, French Dreams, N.V., and Olympic Telecommunications, Inc. ("Eisenberg defendants"). Based on the pleadings in this case and the briefs of the parties, the Court grants in part and denies in part the FTC's motion.[1]

## I.  FACTS

Plaintiff FTC filed this action against the Eisenberg defendants as well as several other defendants, for alleged violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). The defendants allegedly committed unfair or deceptive acts or practices in the marketing and sale of Internet services. The complaint seeks a preliminary and permanent injunction against the behavior, as well as consumer redress, disgorgement of unlawful gains, and other equitable relief.

---

[1] The Eisenberg defendants filed their response to the motion one week after the deadline stated in the court rules. Rather than strike the brief, the Court will also consider the FTC's late-filed reply.

ORDER GRANTING IN PART MOTION TO STRIKE - 1

The FTC and the Eisenberg defendants stipulated to a permanent injunction that prohibited allegedly deceptive conduct. The parties agreed in the injunction that the FTC's complaint "states a claim" upon which relief can be granted and that the parties would not challenge the injunction in court. According to the injunction, the parties would attempt to mediate the amount and type of consumer redress required. If mediation failed, the parties would return to court to resolve the issue. The Court signed the injunction on October 23, 2000.

Mediation failed to resolve the consumer redress issue, and the Eisenberg defendants filed a joint answer in late March 2001. The FTC then filed this motion to strike the six defenses raised by the answer, arguing that they are insufficient, immaterial, impertinent, or redundant.

## II. DISCUSSION

The Court may "[u]pon motion made by a party . . . or upon the court's own initiative at any time, . . . order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The motions are generally disfavored but are appropriate "for the purpose of streamlining the ultimate resolution of the action." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1528 (9th Cir. 1993), rev'd on other grounds, Fogerty v. Fantasy, Inc., 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The Court bases the decision to strike solely on the pleadings and other items, such as materials in the case file, of which it can take judicial notice. Id. at 1528-29.

### A. First Defense: Claims and Relief Are Moot

The Eisenberg defendants allege that "[p]laintiff's claims and its relief sought are moot, and there is no possibility of any future conduct by Cross-Claimants tantamount to the allegations against them described in Plaintiff's Complaint." The FTC counters that the defense fails to meet court pleading requirements. Fed. R. Civ. P. 8(c) requires a defendant to

ORDER GRANTING IN PART MOTION TO STRIKE - 2

provide "fair notice of the defense." See Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979). The Court must view the pleading in the light most favorable to the pleader. See Lazar v. Trans Union LLC, 195 F.R.D. 665, 669 (C.D. Cal. 2000). Even so, a "bare bones conclusory allegation" provides no notice. Heller, 883 F.2d at 1295.

Reading the first affirmative defense in the light most favorable to the Eisenberg defendants, the defense provides adequate notice under Fed. R. Civ. P. 8(c). The defense does not merely state a legal theory in conclusory fashion. It explains that the mootness theory is based on the inability of the defendants to pursue the same actions in the future. That allegation, combined with the permanent injunction issued by the Court, provides enough context to alert the FTC to the nature of the defense. The First Defense will not be stricken on this ground.

The FTC also argues that the defense must be stricken as "insufficient." A defense is insufficient "if it is clearly invalid as a matter of law." Klemens v. Air Line Pilots Ass'n, 500 F. Supp. 735, 738 (W.D. Wash. 1980), quoting Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976). A defense is insufficient as a matter of law when the court already has ruled on the issue and rejected the defense or when the law cannot possibly support the defense. See id. at 1527-28 (prior litigation had dismissed same claim); Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294-95 (defenses rejected in prior motion to dismiss stricken). A partial defense is not insufficient simply because it would not dispose of the entire matter. See Sayre v. Musicland Group, Inc, 850 F.2d 350, 353 (8th Cir. 1988); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1273 (2d Ed. 1990).

The First Defense is not clearly invalid as a matter of law. The permanent injunction ordered by the Court prohibits much of the behavior complained of by the FTC. Therefore, it may render portions of the FTC's requests for relief moot. Although at least portions of the

ORDER GRANTING IN PART MOTION TO STRIKE - 3

FTC's complaint require continued litigation, this does not render the defense of mootness entirely insufficient. The defense will not be stricken.[2]

### B. Second, Third, and Fourth Defenses: Good Faith, Lack of Intent, and Other Remedies Available

The Eisenberg defendants' Second Defense states that "[p]laintiff is barred from injunctive relief because of the good faith of the Cross-Claimants and each of them." Again, the Third Defense says "[p]laintiff is barred from injunctive relief because of the Cross-Claimants' lack of intent to mislead or deceive consumers." The Fourth Defense also refers to injunctive relief, saying [p]laintiff is barred from obtaining the injunctive relief it seeks because such relief is overbroad and there are other remedies available." The FTC challenges these defenses on numerous grounds, but the Court need not address any but the allegation that the defenses are insufficient. As explained above, a defense is insufficient as a matter of law if the Court previously rejected the defense. The Court already issued a stipulated order granting a permanent injunction. The Eisenberg defendants cannot now argue that the FTC is barred from obtaining an injunction. However, rather than strike the defenses, the Court will grant the Eisenberg defendants leave to amend the defenses, as the permanent injunction did not resolve the appropriateness of other types of equitable relief that the defendants might claim is inapplicable.

### C. Fifth Defense: Failure to State a Claim

The FTC's motion states that its complaint does allege facts to support all elements of the three causes of action, so the Eisenberg defendants' defense of failure to state a claim must fail. The Court need not delve into the adequacy of the complaint. The permanent injunction already entered by the Court says "[t]he Complaint states a claim upon which relief

---

[2]The FTC also alleges that the defense is immaterial, but it provides no argument or authority to support the allegation. The Court finds that the defense is material to the relief sought in the dispute and will not be stricken.

ORDER GRANTING IN PART MOTION TO STRIKE - 4

may be granted against defendants under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. § 45(a) and 53(b)." Dkt. # 5, at 2, ¶ 3. Moreover, the Eisenberg defendants also "waive all rights to seek judicial review or otherwise challenge or contest the validity of the order." Dkt. # 5, at 2, ¶ 4. The parties stipulated to the injunction, and it was signed by the Court. Therefore, the Court already has ruled on, and rejected, the defense of failure to state a claim. Coto and Hebard cannot raise it again, just as the defendants in Heller could not raise a defense already rejected by a motion to dismiss. See Heller, 883 F.2d at 1294-95. The fifth defense is insufficient as a matter of law and will be stricken.[3]

### D.   Sixth Defense: Other Parties Committed the Acts

The full text of the Eisenberg defendants' sixth defense reads that "[t]he acts Plaintiff alleges in its Complaint were committed by parties other than Cross-Claimants, which parties none of Cross-Claimants now control, nor have they ever controlled." The FTC argues that this defense mere repeats denials in the Eisenberg defendants' answer and should be stricken as redundant. Redundant defenses repeat allegations of the answer needlessly. See Gilbert v. Eli Lilly Co., 56 F.R.D. 116, 120 n.4 (D. P.R. 1972). Because motions to strike are disfavored, the motion should be denied if there is any doubt whether the allegations might be in issue, especially when the allegations are not prejudicing the plaintiff. See Fantasy, 984 F.2d at 1527.

The Eisenberg defendants do deny liability in their answer. While this is similar to the affirmative defense, the Eisenberg defendants also are alleging in the affirmative defense that others committed the acts. This differs from merely denying that one's own actions did not violate the law. The new element relates to the cross claims brought by the Eisenberg defendants. By introducing new elements, the defense avoids impermissible redundancy.

---

[3] The FTC also moves to strike the defense on other grounds, but the Court need not reach those arguments in light of its ruling.

ORDER GRANTING IN PART MOTION TO STRIKE - 5

Moreover, because the FTC has not provided evidence that the defense will cause prejudice, the Court will not strike the sixth defense.

### III.    CONCLUSION

For the foregoing reasons, the FTC's motion to strike is GRANTED in part. The Fifth Defense for failure to state a claim is stricken. The Second, Third, and Fourth Defenses fail to state a claim but the Eisenberg defendants are granted leave to amend. The remaining defenses will not be stricken. The Clerk of the Court is directed to send copies of this Order to all counsel of record.

DATED this 29th day of May, 2001.

_____
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART MOTION TO STRIKE - 6