The Honorable Robert S Lasnik

FILED ——— ENTERED
——— LODGED ——— RECEIVED

MAR 0 7 2002 MR

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPUTY

CV 00-01806  #00000127

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

                              Plaintiff,

v.

CYBERSPACE COM, LLC, et al ,

                              Defendants.

No. C00-1806L

DEFENDANTS CHRIS HEBARD AND
COTO SETTLEMENT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT
AND MEMORANDUM IN SUPPORT
THEREOF

**NOTE ON MOTION CALENDAR:**
March 29, 2002

**Oral Argument Requested**

COMES NOW Chris Hebard and Coto Settlement ("Defendants") and file this their Motion for Partial Summary Judgment and Memorandum in Support Thereof with respect to all claims of the Federal Trade Commission ("Plaintiff") for which relief has not been granted, and would respectfully show this Court as follows

## I.    SUMMARY

Plaintiff's claims against Defendants are based upon conjectures piled upon inferences piled upon assumptions  Plaintiff alleges that Defendants violated 15 U.S.C §45(a) by engaging in what it asserts are "unfair or deceptive acts or practices in or affecting commerce" in connection with the marketing of internet services through "solicitation checks," which is a universally common form of marketing. However, after extensive discovery taken in

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 1
Case No  C00-1806L

50311080 01

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

ORIGINAL

1     connection with this case, Plaintiff has not uncovered admissible evidence which would support

2     these allegations. Accordingly, summary judgment in favor of Defendants is appropriate

3

## II.     SUMMARY JUDGMENT EVIDENCE

4     As Summary Judgment Evidence, Defendants designate a) Plaintiff's Complaint for

5     Injunction and Other Equitable Relief, b) Stipulated Permanent Injunction as to Chris Hebard

6     and Coto Settlement, c) the Declaration of Chris Hebard, and d) the Declaration of Ernest

7     Leonard with, attached thereto, excerpts of and exhibits from i) the deposition of Lucinda

8     Schoomer; ii) the deposition of Charles Coram; iii) the deposition of Jack Robrecht; and iv) the

9     deposition of Erard Moore

10

## III.    FACTUAL BACKGROUND

11

### A.     Ownership of the EPV Entities

12     Defendants Coto Settlement and French Dreams Investments, N.V. each own 50% of

13     Electronic Publishing Ventures, L L.C., which itself owns the following entities 1)

14     Cyberspace.Com, L L.C., 2) Essex Enterprises, L.L.C ; 3) Splashnet Net, L.L C , and 4) Surfnet

15     Services, L L C [1] (Electronic Publishing Ventures, L L.C., Cyberspace Com, L.L C , Essex

16     Enterprises, L L.C , Splashnet Net, L.L C and Surfnet Services, L.L C are hereinafter and

17     collectively referred to as the "EPV Entities.") Defendant Chris Hebard is a beneficiary of Coto

18     Settlement,[2] upon information and belief, Defendant Ian Eisenberg has some sort of ownership

19     or beneficial interest in French Dreams Investments, N.V.[3] Defendants Ian Eisenberg and Chris

20     Hebard had shared general supervisory and oversight responsibilities over the EPV Entities [4]

21

22

23    [1]     Declaration of Chris Hebard, paragraph 2.

24    [2]     Declaration of Chris Hebard, paragraph 2.

25    [3]     Declaration of Chris Hebard, paragraph 3

26    [4]     Declaration of Chris Hebard, paragraph 3

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 2
Case No C00-1806L
50311080 01

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

1

## B.   The "Solicitation Check"

2   The EPV Entities offered internet related services to both businesses and consumers [5]

3   The services were marketed by means of a "solicitation check" which stated clearly that cashing

4   or depositing the check constituted acceptance of the internet services; although the EPV

5   Entities tested various types of checks, the basic check contained the following notice:[6]

> This solicitation check must be cashed or deposited within thirty days of
> issuance   Endorsement and deposit constitute agreement of desire to utilize
> service and agreement pursuant to the terms attached.  NOTICE  Payee agrees to
> terms of $19.95 monthly, due and payable in advance   Payee acknowledges that
> they are qualified and, in fact, do authorize these charges to appear on their
> phone bill as listed on reverse   Payee acknowledges that cancellation of
> subscription and refund in full, is effected by calling toll-free number attached
> within thirty days of service activation.

11   (Different versions of the solicitation check also contained differences in wording and

12   differences in the monthly price of the service.)[7]

13   This notice was purposely placed above the endorsement line on the back of the check

14   where the recipient was certain to have seen it before cashing or depositing same.[8]  Moreover, a

15   similar notice was provided on the back of a stub attached to the check.[9]  In addition, included

16   in the envelope with the check was an insert which  1) described the internet service offered; 2)

17   described the monthly charge for the service; 3) described the consequences of cashing or

18   depositing the check, 4) disclosed that the monthly charge would be added to the consumer's

19   local phone bill, and 5) provided an 800 number to call for refunds [10]

20

21   [5]   Declaration of Chris Hebard, paragraph 4

22   [6]   Declaration of Chris Hebard, paragraph 4 and Exhibit "A" thereto.

23   [7]   Declaration of Chris Hebard, paragraph 5.

24   [8]   Declaration of Chris Hebard, paragraph 5

25   [9]   Declaration of Chris Hebard, paragraph 5 and Exhibit "A" thereto

26   [10]   Declaration of Chris Hebard, paragraph 5 and Exhibit "A" thereto.

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 3
Case No  C00-1806L

50311080 01

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

1    The terms of this offer were clear.  A study conducted by market researcher Erard

2    Moore, with the input of Dr. J. Howard Beales, then a professor at George Washington

3    University, concluded that nearly 90% of those shown the marketing piece understood that by

4    cashing or depositing the check they were agreeing to make a purchase or sign up for a service[11]

5    Moreover, each of the three consumers which Plaintiff deposed in an attempt to establish

6    consumer confusion readily admitted that the solicitation check was not confusing

7    A)    First, Ms. Lucinda Schoomer of First DataBank, Inc in Indianapolis,

8    Indiana, testified that she was familiar with solicitation checks having received them at home.[12]

9    When asked to review a sample solicitation check sent by the EPV Entities, Ms Schoomer

10   readily admitted that the terms of the solicitation check were clear to her and that had she

11   received the check, she would not have cashed it [13]

12   B)    Second, Mr. Charles Coram of Coram's Steak & Eggs in Panama City,

13   Florida, also testified that he was familiar with solicitation checks, having received them at

14   home,[14] and that the terms of the EPV Entities' solicitation check were clear to him [15]

15   C)    Third and finally, Mr Jack Robrecht or F E. Booker Company in

16   Pensacola, Florida, also testified that the terms of the solicitation check were clear to him.[16]

17

18   [11]   Declaration of Ernest Leonard ("Leonard Dec.") at D, Exhibit 247 to Deposition of
Erard Moore, page 16.

19
20   [12]   Leonard Dec. at A, Deposition of Lucinda Schoomer, page 56, line 4 through page 57,
line 1.

21   [13]   Leonard Dec. at A, Deposition of Lucinda Schoomer, page 57, lines 8 through 14, page
65, lines 12 through 16, and page 66, line 25 through page 67, line 9.

22
23   [14]   Leonard Dec. at B, Deposition of Charles Coram, page 42, line 7 through page 43, line
7

24   [15]   Leonard Dec. at B, Deposition of Charles Coram, page 43, line 17 through page 46, line
9.

25
26   [16]   Leonard Dec. at C, Deposition of Jack Robrecht, page 46, line 17 through page 47, line
2

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 4
Case No C00-1806L

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50311080 01

1  Thus, these three consumers all testified that the terms of the solicitation check were

2  clear to them, but that through a mistake or otherwise, the solicitation check was deposited

3  **C.    The Marketing Activities by the EPV Entities**

4  Marketing by the EPV Entities commenced during or about late 1998 [17] Before and

5  throughout this marketing, the principals and managers of the EPV Entities regularly consulted

6  with their counsel, Arent Fox Kintner Plotkin & Kahn ("Arent Fox"), a Washington, D.C law

7  firm with extensive experience and knowledge in consumer regulatory matters, and with

8  specific experience in handling disputes with the Federal Trade Commission [18]

9  During the course of the marketing, the EPV Entities sent approximately 4 4 million

10  direct mail pieces with solicitation checks enclosed.[19] Approximately 225,000 responded by

11  depositing the solicitation checks [20] The EPV Entities' policy with respect to refunds was to

12  issue refunds as requested by the customer, and to this end, the EPV Entities paid in excess of

13  $2.8 million in refunds to consumers.[21]

14  As with any new business venture, the EPV Entities experienced "growing pains,"

15  primarily with respect to customer service [22] Defendants are aware that during certain periods,

16  the phone lines and staffing were not adequate [23] Defendants are also aware that on occasion,

17  certain persons answering the telephones did not follow the correct policies in responding to

18

19

---

20  [17]    Declaration of Chris Hebard, paragraph 6

21  [18]    Declaration of Chris Hebard, paragraph 6

22  [19]    Declaration of Chris Hebard, paragraph 7

23  [20]    Declaration of Chris Hebard, paragraph 7

24  [21]    Declaration of Chris Hebard, paragraph 7

25  [22]    Declaration of Chris Hebard, paragraph 8

26  [23]    Declaration of Chris Hebard, paragraph 8.

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 5
Case No C00-1806L
50311080 01

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

1   seek injunctive relief against the EPV Entities deepened an already developing rift between

2   defendants Chris Hebard and Ian Eisenberg [31]  Consequently, defendants Chris Hebard and Ian

3   Eisenberg made the strategic decision to cease the business activities of the EPV Entitites.[32]

4       After the filing of this action, Defendants agreed to the entry of a Stipulated Permanent

5   Injunction which required the following

6       A)    A prohibition against sending a bill to a consumer for any services without first

7       obtaining express verifiable authorization that the consumer being charged has

8       agreed to the charge.  (Defendants had no problem agreeing to this requirement

9       since they have not committed this act.[33])

10      B)    A prohibition against making false or misleading representations, including that

11      the solicitation check is a refund, rebate or payment based on a prior or ongoing

12      business, that consumers are legally obligated to pay charges for services which

13      were not authorized, or that consumers have or had a business relationship with a

14      defendant  (Again, since Defendants had not committed these acts[34] and have no

15      intention of committing these acts, they were agreeable to these provisions [35])

---

[31]  Declaration of Chris Hebard, paragraph 10.

[32]  Declaration of Chris Hebard, paragraph 10

[33]  Declaration of Chris Hebard, paragraph 10.

[34]  Some early test pieces described the check as a "subscription refund check" (Declaration of Chris Hebard, paragraph 5 )  In addition, some other early pieces had the phrase "Instant Cash Rebate – Sign-up Check" on the stub  (Declaration of Chris Hebard, paragraph 5 )  Defendants believe that these direct mail pieces were limited in nature  (Declaration of Chris Hebard, paragraph 5 )  However, the terms were still clearly stated conspicuously above the endorsement line  (Declaration of Chris Hebard, paragraph 5.)  Moreover, use of the word "rebate" does not imply an ongoing business relationship; for example, car dealers frequently offer "rebates" in their television advertisements

[35]  Declaration of Chris Hebard, paragraph 10.

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 7
Case No  C00-1806L
50311080 01

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

C) A requirement to include additional specified disclosures on future solicitation checks regarding the effect of signing the check. (Defendants were also agreeable to these additional disclosures because they did not want customers who signed up accidentally; customers signing up accidentally create problems such as bad will and added administrative expense [36])

The Stipulated Permanent Injunction specifically provided that it did not constitute an admission that Defendants engaged in violations of the Federal Trade Commission Act  The Stipulated Permanent Injunction also provided for the parties to attempt to mediate the issue of consumer redress with the assistance of a Special Master

Even though Defendants did not violate 15 U.S.C  §45(a) in any manner, they agreed to the Stipulated Permanent Injunction for the following reasons  1) they had already made the strategic decision to cease operations of the EPV Entities and to cease doing business with Ian Eisenberg; 2) the prohibitions demanded by Plaintiff were either superfluous or constructive in nature, and 3) Defendants had hoped that the assistance of the Special Master would result in a reasonable and prompt settlement of this entire action.[37]

The mediation ordered in the Stipulated Permanent Injunction was unsuccessful  Thus, Plaintiff now seeks monetary damages against the Defendants.  For the reasons set forth herein, Defendants are entitled to summary judgment on all claims asserted by Plaintiff, this motion is not addressed at the injunctive relief to which the parties have already agreed

## V.    ARGUMENT

### A.    Summary Judgment Standards

The party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions,

---

[36]    Declaration of Chris Hebard, paragraph 10.

[37]    Declaration of Chris Hebard, paragraph 10

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 8
Case No  C00-1806L

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50311080 01

1    answers to interrogatories, and admissions on file, together with the affidavits, if any, which it

2    believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett,

3    477 U.S. 317, 323, 106 S Ct 2548, 2553, 91 L.Ed 2d 265 (1986)  Where the plaintiff has the

4    burden of proof, the defendant may move for summary judgment by simply pointing out the

5    absence of facts to support the plaintiff's claims  Hocking v. Duboise, 885 F.2d 1449, 1454 (9th

6    Cir. 1989), cert denied, 494 U S. 1078, 110 S.Ct. 1805, 108 L Ed 2d 936 (1990)  When the

7    moving party has carried its burden, the party opposing summary judgment must do more than

8    simply show that there is some metaphysical doubt as to the material facts  Matsushita Electric

9    Industrial Co , Ltd  v  Zenith Radio Corp., 475 U S. 574, 586, 106 S.Ct. 1348, 1356, 89 L Ed 2d

10   538 (1986)  The party opposing summary judgment may not rest upon the mere allegations or

11   denials of his pleading, but must set forth specific facts showing that there is a genuine issue for

12   trial. Anderson v. Liberty Lobby, Inc., 477 U S  242, 248, 106 S Ct 2505, 2510, 91 L.Ed 2d

13   202 (1986)  If the summary judgment evidence presented by the opposing party is merely

14   colorable or not significantly probative, summary judgment may be granted. Anderson, 477

15   U.S. at 249-250, 106 S.Ct. at 2511  Moreover, summary judgment is mandated, after adequate

16   time for discovery and upon motion, against a party who fails to make a showing sufficient to

17   establish the existence of an element essential to that party's case, and on which that party will

18   bear the burden at trial  Celotex, 477 U.S  at 322, 106 S.Ct  at 2552.

19          **B.     Liability of Defendants Under 15 U.S.C. §45(a)**

20          15 U S C  §45(a) prohibits "unfair or deceptive acts or practices in or affecting

21   commerce "  Plaintiff is empowered under 15 U.S C  §53(b) to seek equitable relief, as well as

22   ancillary relief such as restitution and rescission. F T C v  H.N. Singer, Inc., 668 F 2d 1107,

23   1113 (9th Cir. 1982); and F.T C  v  Amy Travel Service, Inc , 875 F.2d 564, 571 (7th Cir  1989),

24   cert. denied, 493 U S  954, 110 S.Ct. 366, 107 L Ed 2d 352 (1989).  "To establish that

25   defendants violated the FTC Act Section 5(a) [15 U.S.C. §45(a)] by engaging in unfair or

26   deceptive acts or practices in or affecting commerce, the FTC must ultimately demonstrate a

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 9
Case No  C00-1806L
50311080 01

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

1    material representation, omission or practice that is likely to mislead consumers acting

2    reasonably in the circumstances " F.T.C  v  Verity Intern., Ltd., 124 F Supp. 2d 193 (S D N Y

3    2000), citing F.T C  v  Pantron I Corp., 33 F 3d 1088, 1095 (9th Cir 1994), cert denied, 514

4    U S  1083, 115 S.Ct 1794, 131 L Ed 2d 722 (1995).  See also, Southwest Sunsites, Inc. v

5    F T C , 785 F.2d 1431, 1436 (9th Cir. 1986), cert denied, 479 U S  828, 107 S.Ct 109, 93

6    L Ed 2d 58 (1986)  Individuals are personally liable for restitution for corporate misconduct if

7    they had knowledge that the corporation or one of its agents engaged in dishonest or fraudulent

8    conduct, that the misrepresentations were the type upon which a reasonable and prudent person

9    would rely, and that consumer injury resulted  F T C. v. Publishing Clearing House, Inc., 104

10    F 3d 1168, 1171 (9th Cir 1997).  The knowledge requirement can be satisfied by showing that

11    the individuals had actual knowledge of material misrepresentations, were recklessly indifferent

12    to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud

13    along with an intentional avoidance of the truth  Id.

14    Moreover, Plaintiff must show that consumers could not reasonably have avoided injury.

15    15 U.S.C. §45(n) provides, in relevant part·

> The Commission shall have no authority under this section or section 57a of this
> title to declare unlawful an act or practice on the grounds that such act or practice
> is unfair *unless the act or practice causes or is likely to cause substantial injury*
> *to consumers which is not reasonably avoidable by consumers themselves* and
> not outweighed by countervailing benefits to consumers or to competition.

(emphasis added).  The toll free number provided to the consumers on both the inserts

and on the telephone bills makes any consumer injury avoidable, the very fact that the EPV

Entities paid over $2 8 million in consumer refunds bears witness to this point  Moreover, the

Ninth Circuit held in Southwest Sunsites, Inc  v  F T.C., 785 F 2d at 1436 that the Federal Trade

Commission  must show that a defendant's conduct was "*likely* to mislead," not merely that it

had the "*tendency and capacity to mislead*" (Emphasis in the original)  The clear terms of the

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 10
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50311080 01

1   offer printed three times in the direct mail solicitation ensured that consumers would not be

2   mislead.

3        The only depositions of actual consumers that Plaintiff has taken are of Lucinda

4   Schoomer, Charles Coram and Jack Robrecht   These depositions, far from showing consumers

5   "acting reasonably in the circumstances" who were mislead as required by 15 U.S.C  §45(a),

6   simply show mistakes made by three recipients of the solicitation checks. Mr. Coram readily

7   admitted that the solicitation check was deposited by mistake.[38]  Ms. Schoomer testified that out

8   of the several hundred checks her company receives every week, only two to three are from

9   "non-customers" and that under the "two-hands policy" her company has with respect to money

10  transactions, this solicitation check should not have been cashed [39]  Mr Robrecht was unable to

11  provide a rational explanation as to why he deposited the solicitation check  He testified that

12  his company received less than 50 checks each month,[40] that his company had a procedure for

13  matching the checks with customers,[41] that this procedure would have been followed for the

14  solicitation check, [42] and that having a check come in that could not be matched with a customer

15  was a rare event.[43]  Thus, the consumer depositions merely provide three instances out of 4.4

16  million, where the recipient of the EPV Entities' direct mail solicitation made a mistake in

17  depositing the check. None of these consumers testified that they were mislead by the checks

18

19  [38]   Leonard Dec. at B, Deposition of Charles Coram, page 43, lines 8 through 12, and page
20  47, lines 5 through 9

21  [39]   Leonard Dec  at A, Deposition of Lucinda Schoomer, page 50, line 25 through
    page 51, line 10, and page 117, line 6 through 119, line 11

22  [40]   Leonard Dec  at C, Deposition of Jack Robrecht, page 35, line 16, through page 36, line
23  6

24  [41]   Leonard Dec. at C, Deposition of Jack Robrecht, page 36, lines 17 through 21

25  [42]   Leonard Dec. at C, Deposition of Jack Robrecht, page 37, lines 7 through 14

26  [43]   Leonard Dec. at C, Deposition of Jack Robrecht, page 37, line 25 through page 38, line
    4

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 11
Case No  C00-1806L

503110800 01

1    The consumer depositions are, at most, evidence of the momentary lapses in customer

2    service described in the Declaration of Chris Hebard. Ms Schoomer testified that her real

3    problem was that the individual to whom she talked regarding a refund refused [44] Mr. Coram

4    testified that he eventually got refunded in full,[45] and that his real problem was with poor

5    customer service [46] Defendants, from a business perspective, find the customer service

6    problems described by Ms Schoomer and Mr Coram unacceptable and inexcusable. However,

7    this purportedly poor customer service certainly does not amount to a "material representation,

8    omission or practice that is likely to mislead consumers acting reasonably in the circumstances"

9    as required to find liability under 15 U.S C §45(a).

10        ## C.    Count One

11    In Count One of the Complaint, Plaintiff asserts the defendants in this action violated 15

12   U.S C §45(a) by representing "that consumers who receive defendants' charges on a bill are

13   legally obligated to pay for those charges " This allegation is false. Plaintiff cannot point to

14   one person or entity that was billed for services of the EPV Entities who did not cash or deposit

15   the solicitation check which clearly set forth the terms thereon   To the extent, any consumers

16   cashed or deposited the checks by accident (that is, they cashed or deposited the check without

17   1) reading the clear notice printed above the endorsement line describing the terms of the offer

18   and the effect of depositing the check; 2) reading the notice on the back of the check stub

19   describing the terms of the offer and the effect of depositing the check; AND 3) reading the

20   enclosed insert describing the internet service, the terms of the offer and the 800 number to call

21   for refunds), the policy of the EPV Entities was to refund any charges as requested   Any failure

22

23   [44]    Leonard Dec. at A, Deposition of Lucinda Schoomer, page 75, line 21 through page 76,
     line 22.

24   [45]    Leonard Dec at B, Deposition of Charles Coram, page  47, lines 10 through 16.

25
     [46]    Leonard Dec at B, Deposition of Charles Coram, page 48, line 19 through page 49, line
26   18, and page 51, lines 3 through 9.

DEFENDANTS CHRIS HEBARD AND COTO              **FOSTER PEPPER & SHEFELMAN PLLC**
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY       1111 THIRD AVENUE, SUITE 3400
JUDGMENT AND MEMORANDUM IN SUPPORT            SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400
THEREOF - 12
Case No  C00-1806L

50311080 01

1    by the EPV Entities to refund charges to consumers was the result of temporary lapses in

2    customer service which were the consequence of the growing pains experienced by the EPV

3    Entities. (Note, however, that in spite of these temporary lapses in customer service, the EPV

4    Entities still managed to pay over $2.8 million in customer refunds!) These occasional

5    customer service problems, although unacceptable from a business perspective, certainly did not

6    amount to "false and deceptive" acts as alleged by Plaintiff There being an absence of facts to

7    support the Plaintiff's claims, summary judgment is proper as to Count One of the Complaint.

8    Hocking v. Duboise, 885 F.2d at 1454

9            **D.**     **Count Two**

10       In Count Two of the Complaint, Plaintiff asserts that the defendants in this action

11    violated 15 U.S.C §45(a) by representing "that defendants' solicitation check is a refund,

12    rebate, receivable or other payment for services based on a prior or ongoing business." Plaintiff

13    has not adduced any evidence to date that any solicitation check represented that the payment

14    was based on a prior or ongoing business.[47] There being an absence of facts to support the

15    Plaintiff's claims, summary judgment is proper as to Count Two of the Complaint   Hocking v

16    Duboise, 885 F 2d at 1454

17            **E.**     **Count Three**

18       In Count Three of the Complaint, Plaintiff asserts that the defendants in this action

19    violated 15 U S.C. §45(a) by sending solicitation checks which failed to disclose clearly and

20    conspicuously the material conditions associated with depositing or cashing the solicitation

21    checks. As described above, these terms were stated clearly and conspicuously: 1) above the

22    endorsement line of the check, 2) on the back of the check stub; and 3) and on the insert

23

24

---

[47]     As noted above, certain early test pieces did describe the solicitation check as a
25    "subscription refund check" and had the phrase "Instant Cash Rebate – Sign-up Check" on the
26    stub  However, Defendants believe that these direct mail pieces were limited in nature and did
   not imply an ongoing business relationship

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 13
Case No C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50311080 01

| | |
|---|---|
| 1 | enclosed with the check. Moreover, as mentioned above, the three consumers deposed by |
| 2 | Plaintiff all admitted that the terms of the solicitation checks were clear  Further, nearly 90% of |
| 3 | those responding to the Erard Moore Study understood that by cashing or depositing the check |
| 4 | they were agreeing to make a purchase or sign up for a service  There being an absence of facts |
| 5 | to support the Plaintiff's claims, summary judgment is proper as to Count Three of the |
| 6 | Complaint  Hocking v  Duboise, 885 F 2d at 1454 |

## VI.   CONCLUSION

At the core of Plaintiff's case is unfounded assumptions. Now, after extensive discovery, by Plaintiff, no admissible evidence exists that would support these unfounded assumptions. For the reasons stated above, no genuine issue of fact exists to support the cause of action asserted by Plaintiff pursuant to 15 U.S C  §45(a)  Accordingly, summary judgment should be granted as to all relief requested by Plaintiff not already granted in the Stipulated Permanent Injunction.

//

//

DEFENDANTS CHRIS HEBARD AND COTO
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT AND MEMORANDUM IN SUPPORT
THEREOF - 14
Case No  C00-1806L

50311080 01

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

1    WHEREFORE, PREMISES CONSIDERED, Defendants Chris Hebard and Coto

2  Settlement respectfully request this Court grant partial summary judgment as requested herein,

3  and for such other and further relief as to which they may be entitled

4        Respectfully submitted this 7th day of March, 2002.

5                                              FOSTER PEPPER & SHEFELMAN PLLC

6

7

8                                              Sarah K. Johnson, WSBA #30915
                                               1111 Third Avenue, Suite 3400
9                                              Seattle, Washington 98101
                                               Phone. (206) 447-4400
10                                             Facsimile· (206) 447-9700

11                                             FRIEDMAN & FEIGER, LLP
                                               Lawrence J Friedman, Esq
12                                             Texas State Bar No 07469300
                                               Ernest W Leonard, Esq.
13                                             Texas State Bar No 12208750
                                               5301 Spring Valley Road, Suite 200
14                                             Dallas, Texas 75254
                                               Phone: (972) 788-1400
15                                             Facsimile  (972) 776-5113

16                                             Attorneys for Defendants
                                               Chris Hebard and Coto Settlement
17

18

19

20

21

22

23

24

25

26

DEFENDANTS CHRIS HEBARD AND COTO                    **FOSTER PEPPER & SHEFELMAN PLLC**
SETTLEMENT'S MOTION FOR PARTIAL SUMMARY                 **1111 THIRD AVENUE, SUITE 3400**
JUDGMENT AND MEMORANDUM IN SUPPORT             **SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400**
THEREOF - 15
Case No  C00-1806L

50311080 01