The Honorable Robert S. Lasnik

CC TO JUDGE

☐ ____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

MAR 2 8 2002   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ____ DEPUTY

CV 00-01806 #00000158

UNITED STATES DISTRICT COURT, WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

                Plaintiff,

      v

CYBERSPACE.COM, LLC, *et al*,

                Defendants.

No. C00-1806L

REPLY BRIEF IN SUPPORT OF
DEFENDANTS CHRIS HEBARD AND
COTO SETTLEMENT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT

COMES NOW Chris Hebard and Coto Settlement (the "Hebard Defendants") and file this their Reply Brief to FTC Opposition to Hebard Defendants' Motion For Partial Summary Judgment, and would respectfully show this Court as follows:

## I. SUMMARY

The Federal Trade Commission (the "FTC") alleges that the Hebard Defendants violated 15 U.S.C. §45(a) by engaging in what it asserts are "unfair or deceptive acts or practices in or affecting commerce" in connection with the marketing of internet services through "solicitation checks," which is a universally common form of marketing. The Hebard Defendants moved for summary judgment on the grounds that, after extensive discovery taken in connection with this case, the FTC has not uncovered admissible evidence which would support its allegations   In responding to this motion, the FTC seems to concede this issue by haphazardly throwing

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1
Case No C00-1806L

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

 ORIGINAL



1  volumes of inadmissible evidence at this Court, citing very little of it in their Opposition,[1] and

2  making vague and circular arguments that the Hebard Defendants somehow violated §45(a),

3  even though the solicitation checks were in all ways truthful, accurate and omitted no terms

4  The primary purpose of summary judgment is to dispose of claims with no factual support

5  Vukadinovich v. Board of School Trustees of North Newton School Corporation, 278 F.3d 693,

6  699 (7th Cir 2002).  The substance and the manner of the FTC's response demonstrates that its

7  claims against the Hebard Defendants have no factual support.

8  ## II. SUMMARY JUDGMENT STANDARDS

9  The party seeking summary judgment bears the initial responsibility of informing the

10  court of the basis for its motion and identifying those portions of the pleadings, depositions,

11  answers to interrogatories, and admissions on file, together with the affidavits, if any, which it

12  believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v Catrett,

13  477 U.S. 317, 323, 106 S Ct 2548, 2553, 91 L.Ed.2d 265 (1986).  Where the plaintiff has the

14  burden of proof, the defendant may move for summary judgment by simply pointing out the

15  absence of facts to support the plaintiff's claims  Hocking v. Duboise, 885 F.2d 1449, 1454 (9th

16  Cir 1989), cert. denied, 494 U.S. 1078, 110 S.Ct. 1805, 108 L.Ed.2d 936 (1990)   In their

17  Motion for Partial Summary Judgment, the Hebard Defendants fully satisfied this burden.

18  Once the moving party has satisfied his initial burden, "the burden shifts to the

19  nonmoving party to come forward with specific facts showing that there remains a genuine fact

20  issue for trial   .  The opponent must present these facts in evidentiary form."  S.E.C. v.

21  Murphy, 626 F.2d 633, 640 (9th Cir. 1980)   Thus, although the FTC presented to this Court

22  eleven binders comprising of approximately fourteen inches of documents, this Court should

23  only consider those documents actually referenced by the FTC in their Opposition.   These

24  documents are considerably more limited

25
26  [1]  FTC Opposition to Hebard Defendants' Motion for Partial Summary Judgment (hereinafter, the "Opposition")

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.   MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

In presenting its summary judgment evidence to this Court, the FTC ignored even the most basic evidentiary principals   For the reasons set forth herein, the Hebard Defendants move to strike most of the summary judgment evidence presented by the FTC.

#### A. Unauthenticated Documentary Exhibits

It is "well settled" that unauthenticated documents, those "which have not had a proper foundation laid" cannot be considered on a motion for summary judgment   Canada v. Blain's Helicopter, Inc., 831 F.2d 920, 925 (9th Cir. 1987)   See also, Orr v. Bank of America, 2002 WL 338141 (9th Cir. 2002) ("A  trial court can only consider admissible evidence in ruling on a motion for summary judgment ")

The FTC did not even attempt to lay a foundation for the following Exhibits, each of which the FTC relied upon in its Opposition:   Exh  51 (Opposition, page 14); Exh  53 (Opposition, page 14); Exh 60 (Opposition, pages 3 and 4); Exhs 61-65 (Opposition, page 9); Exh 68 (Opposition, page 5); Exh 74 (Opposition, page 8); Exh 78 (Opposition, page 14); Exh 85 (Opposition, page 13), Exh 89 (Opposition, page 13); Exh 90 (Opposition, page 13); Exh 92 (Opposition, page 13); Exh 93 (Opposition, page 13), Exh 95 (Opposition, page 8), Exh 125 (Opposition, page 15), Exh 143 (Opposition, page 14), Exh 163 (Opposition, page 9), Exh 167 (Opposition, page 14), and Exh 169 (Opposition, page 14).   Accordingly, each of these documents should be stricken as summary judgment evidence.

#### B. Unauthenticated Deposition Exhibits

The FTC also designates excerpts from eight depositions. (Exhs 260, 261, 262, 263, 264, 266, 267 and 268)   However, these deposition excerpts do not contain any court reporter certification or, for that matter, any attempt at certification whatsoever.[2]   Accordingly, these

---

[2]   Note that deposition excerpts in Volume IX of the FTC's Exhibits do contain pages with court reporter certifications.  However, only a few of the excerpts from this Volume are actually cited in the Opposition on pages 3, 6 and 7.  Further, the Beales Deposition (Exhibit 306) is authenticated.

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 3
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
**1111 THIRD AVENUE, SUITE 3400**
**SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400**

50316120 01

deposition excerpts cannot be considered  See, Orr v Bank of America, 2002 WL 338141 (9th Cir  2002).[3]  Thus, the Hebard Defendants move to strike these deposition exhibits in their entirety.

  **C.**  **Specific Objections to Deposition Excerpts**

  **1.**  **Excerpt from the Deposition of Chris Hebard (Exhibit 260)**

    **a.**  **Page 126, Lines 23-25 (Opposition, page 6)**

  The Hebard Defendants move to strike this deposition excerpt on the basis of hearsay and the best evidence rule.  (Federal Rule of Evidence 1002)  Mr Hebard is asked a question about the contents of written complaints

  **2.**  **Excerpts from the Deposition of Don Reese (Exhibit 264)**

    **a.**  **Page 64, Lines 16-20; Page 65, Line 17 Through Page 66, Line 9; and Page 182, Lines 5 Through 23  (Opposition, page 9)**

  The Hebard Defendants move to strike this deposition excerpt on the basis of lack of foundation and hearsay.  Mr. Reese admits that the basis for an opinion he asserted in an e-mail was deductive logic, conjecture and statements he heard from consumers.

    **b.**  **Page 66, Lines 11-19 (Opposition, page 8)**

  The Hebard Defendants move to strike this deposition excerpt on the grounds of hearsay and the best evidence rule.  Mr. Reese testifies as to statements made in written complaints.

    **c.**  **Page 102, Lines 12-15 (Opposition, Page 6)**

  The Hebard Defendants move to strike this deposition excerpt on the grounds of the best evidence rule.  Mr Reese describes the topics of correspondence

  **3.**  **Excerpt from the Deposition of Charles Coram (Exhibit 266)**

    **a.**  **Attachment, Page H6634 (Opposition, page 2)**

  The Hebard Defendants move to strike this document as being unauthenticated

---

[3]  This discussion is contained in key cites 9 and 10  As of the date of the drafting of this pleading, page references were not available for this opinion.

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 4
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

4.      **Excerpt from the Deposition of Jack Robrecht (Exhibit 267)**

    a.      **Attachment, Page CJR15208 (Opposition, page 2)**

The Hebard Defendants move to strike this document as being unauthenicated.

5.      **Excerpt from the Deposition of Lucinda Schoomer (Exhibit 268)**

    a.      **Attachment, Page CLS15018 (Opposition, page 2)**

The Hebard Defendants move to strike this document as being unauthenicated.

    b.      **Page 35, Line 9 Through Page 36, Line 1 (Opposition, Page 3)**

The Hebard Defendants move to strike these deposition excerpts on the basis of hearsay In these excerpts, Ms Schoomer testifies as to conversations with someone from Cyberspace com  However, on cross examination, in portions of the deposition <u>not cited</u> by the FTC, Ms Schoomer conceded that she could not remember the name of the company of the person with whom she spoke  (Page 70, line 20 through page 74, line 18)  See, Exhibit "A" attached hereto.  Since Ms. Schoomer was unable to definitely identify the speaker, the party/opponent exception to the hearsay rule does not apply

    c.      **Page 36, Line 23 Through Page 37, Line 5 (Opposition, Page 4)**

The Hebard Defendants move to strike these deposition excerpts on the basis of lack of foundation.  Ms. Schoomer testifies that her company received no refund, but there is no showing from this excerpt that this testimony is based upon personal knowledge.

    d.      **Page 68, Lines 6-8 and Page 69, Lines 4-7 (Opposition, Page 6)**

The Hebard Defendants move to strike these deposition excerpts on the basis of lack of foundation.  Ms Schoomer testifies as to assumptions made by her company, but there is no showing from this excerpt that this testimony is based upon personal knowledge.

**D. Unreliable Consumer Declarations**

The FTC references 28 consumer declarations on pages 2-6, and 8 of the Opposition The Hebard Defendants move to strike all consumer declarations presented by the FTC (Exhibits 270-298) because these declarations are unreliable  Of the 28 declarations, 20 contain

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 5
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1 the following statement: "Attached to this Declaration are true and correct copies of documents
2 to which I have made reference." The remaining eight declarations contain the statement: "In
3 addition, I can identify all attachments as documents I sent or received " Declarants have
4 purported to authenticate, in some cases, *defendants' internal documents* through this improper
5 and unreliable bulk identification method, the declarants clearly have no basis on which to
6 authenticate those documents *See e g* H-007857 attached to the Karen Hoadley declaration; E-
7 0025391-92 attached to Christine Rostvold Declaration

8      In other cases, a question is raised as to whether documents were attached to
9 declarations after they were signed. *See* Exhibit 281 to the Declaration of Karen Hoadley.
10 Attached to this declaration is a letter (with the Bates-Label FTC-0001778) from Ms. Hoadley
11 to the FTC stating "Enclosed is the signed Declaration and copies of some of our phone bills
12 with the Olympic Telecommunications charges." However, attached to this declaration are 10
13 pages of additional documents with Hebard "Bates-Labels" to which Hoadley makes no
14 reference in her declaration. (*See e g* H-007857) These pages appear to have been added by
15 the FTC after Ms. Hoadley signed her affidavit. Accordingly, the Hebard Defendants move to
16 strike all of the consumer declarations on the grounds that they are unreliable and thus, should
17 not be considered by this Court as reliable summary judgment evidence.

18      In addition, the Hebard Defendants move to strike specific portions of the following
19 consumer declarations for the grounds set forth below.

20      **1.      Declaration of Scott Clifton (Exhibit 273)**

21      The Hebard Defendants move to strike paragraph 2 of this declaration on the grounds of
22 lack of foundation and paragraphs 4-6 of this declaration on the grounds of hearsay.

23      **2.      Declaration of Karin Gegory (Exhibit 279)**

24      The Hebard Defendants move to strike paragraph 7 of this declaration on the grounds of
25 hearsay and lack of foundation insofar as it describes thoughts and statements of her husband.
26 Note that on page 6 of the Opposition, the FTC specifically relies upon this hearsay evidence

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 6
Case No C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

### 3.    Declaration of Nilda Santos (Exhibit 290)

The Hebard Defendants further object to paragraph 7 of this declaration on the grounds of hearsay and lack of foundation insofar as it describes thoughts and statements of her bookkeeper.

### 4.    Declaration of Pamela Shedivy (Exhibit 291)

The Hebard Defendants move to strike paragraph 7 of this declaration on the grounds of hearsay and lack of foundation insofar as it describes thoughts and statements of her bookkeeper Note that on page 6 of the Opposition, the FTC specifically relies upon this hearsay evidence.

### 5.    Declaration of Walter D. Wood (Exhibit 296)

The Hebard Defendants move to strike this declaration as being based on hearsay

## E.    FTC Employee Declarations

The Hebard Defendants move to strike Exhibits 301, 305 and 315 of the FTC as improper summary judgment evidence   These exhibits are declarations of three of the FTC's employees.  Since these employees clearly lack personal knowledge as required by Rule 56, such declarations would only be proper if these employees are expert witnesses   However, expert opinion is admissible in a summary judgment context only if it appears that the affiant is competent to give expert opinion.  Rebel Oil Company, Inc v. Atlantic Richfield Company, 51 F.3d 1421, 1435 (9th Cir. 1995), cert. denied, 516 U.S 987, 116 S.Ct. 515, 133 L Ed 2d 424 (1995). As set forth below, these declarations fail to establish this required competency

### 1.    Declaration of Helena Joly (Exhibit 301) Cited in Opposition, Page 3

In her declaration, Ms. Joly purports to give opinions and make conclusions as to marketing response rates. However, the only qualifications given by Ms Joly is that she is an "Honors Paralegal." Neither Ms. Joly's testimony nor the spreadsheet she prepared should be accepted as proper summary judgment evidence.

### 2.    Declaration of Alexandra Magill (Exhibit 305), Cited in Opposition, Pages 12-13

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 7
Case No C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1    In her declaration, Ms. Magill purports to give opinions and make conclusions as to

2    seeing many complaints in connection with the discovery taken in this case. However, the only

3    qualifications given by Ms Joly is that she is an "Honors Paralegal." No rational argument can

4    be made that this declaration is based upon either an expert opinion or personal knowledge, and

5    for the FTC to present this declaration to this Court demonstrates a complete disregard of Rule

6    56.

7    **3.      Declaration of Michael Goodman (Exhibit 315), Cited in Opposition, Page 1**

     The FTC's use of this declaration is perplexing. In the cited paragraphs 10-21, Mr.

8    Goodman simply makes summary statements regarding the volumes of exhibits; however, these

9    statements no way authenticate the documents nor contribute in any manner to the summary

10   judgment analysis. The Hebard Defendants object to the cited paragraphs as conclusory and not

11   based on personal knowledge (Despite Mr. Goodman's generic statement as to personal

12   knowledge in paragraph 1 of the Declaration, there is nothing to indicate <u>actual</u> personal

13   knowledge by Mr. Goodman as to the statements made therein.)

14

15   **IV. THE FTC'S OPPOSITION FAILED TO RAISE
     AN ISSUE OF MATERIAL FACT**

16   **A.      Count One**

17   In Count One of the Complaint, the FTC asserts the Hebard Defendants violated §45(a)

18   by representing "that consumers who receive defendants' charges on a bill are legally obligated

19   to pay for those charges." In their motion for summary judgment, the Hebard Defendants

20   asserted that this allegation is false and that the FTC cannot point to one person or entity that

21   was billed for services of the EPV Entities who did not cash or deposit the solicitation check

22   which clearly set forth the terms thereon

23   In its Opposition, the FTC responded by stating that the Hebard Defendants

24   misunderstand the FTC's position; that the FTC in actuality claims that misrepresentations were

25

26

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 8
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

made "that consumers were obligated to pay defendants' charges  The representation was made on the Olympic billing page." (Opposition, page 2) This claim is unsupported [4]

The FTC's position is a classic example of circular logic, for its statement is only correct if all of the consumers deposited the check by mistake. This ambitious claim is, in fact, asserted by the FTC  In page 1 of the Opposition, the FTC claims that "this case is about defendants' deceptive representations on millions of solicitation checks that led to more than 250,000 consumers and businesses to unknowingly sign up for a service they did not want." However, this is pure speculation unsupported by facts

## B.    Count Two

In Count Two of the Complaint, the FTC asserts that the Hebard Defendants violated §45(a) by representing "that defendants' solicitation check is a refund, rebate, receivable or other payment for services based on a prior or ongoing business." In their motion for summary judgment, the Hebard Defendants asserted that this allegation is false and that the FTC cannot present any evidence that the solicitation check represented that the payment was based on a prior or ongoing business.

On page 5 of its Opposition, the FTC reveals that the basis for this argument is that the solicitation check has an "attached invoice-like form, complete with various columns and descriptors such as 'invoice number,' 'reference number' and 'account number'" which the FTC contends "taken together, represent to consumers that the check is based on some prior or ongoing relationship." This position is nothing more than an unsupported subjective belief by

---

[4]    The FTC provides anecdotal evidence from 16 consumers who claim that a customer service representative stated that they were obligated to pay the charges.   The Hebard Defendants are skeptical of this testimony because such statements would have been against policy. (Hebard Decl., ¶9)  The defendants in this action mailed approximately 4 4 million solicitation checks. (Hebard Decl., ¶7) Recognizing that some persons might deposit these checks by accident, the policy was established to issue refunds as requested by the customer; to this end, in excess of $2.8 million in refunds were paid to consumers  (Hebard Decl., ¶7)  Even assuming that the testimony from these 16 consumers were true, it is simply evidence of isolated instances in which the customer service representatives failed to follow policy

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 9
Case No  C00-1806L

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1    the FTC.  To support this belief, the FTC only presents additional anecdotal evidence from 19

2    consumers and inadmissible deposition and declaration testimony.  (Opposition, pages 5 and 6)

3         Further, the FTC myopically focuses on these terms and refuses to view the marketing

4    material as a whole, which is required.  Beneficial Corp. v FTC, 542 F.2d 611, 617 (3rd Cir.

5    1976), cert. denied, 430 U S. 983, 97 S Ct 1679, 52 L.Ed 2d 377 (1977).  Full disclosure of the

6    terms of the offer were found in two different places on the solicitation check: 1) above the

7    endorsement line on the back of the check; and 2) on the back of a stub attached to the check

8    (Hebard Dec., ¶5 and Exhibit "A" thereto)  In addition, included in the envelope with the check

9    was an insert which: 1) described the internet service offered; 2) described the monthly charge

10   for the service; 3) described the consequences of cashing or depositing the check; 4) disclosed

11   that the monthly charge would be added to the consumer's local phone bill, and 5) provided an

12   800 number to call for refunds.  (Hebard Dec., ¶5 and Exhibit "A" thereto)  Thus, Count Two

13   remains unsupported

14   **C.    Count Three**

15        In Count Three of the Complaint, the FTC asserts that the Hebard Defendants violated

16   §45(a) by sending solicitation checks which failed to clearly and conspicuously disclose the

17   material conditions associated with depositing or cashing the solicitation checks    In their

18   motion for summary judgment, the Hebard Defendants asserted that this allegation is false and

19   presented as evidence  1) the actual marketing material which was clear and conspicuous, 2)

20   deposition testimony of the three consumers who admitted that the marketing material was clear

21   to them; and 3) a study showing that those surveyed understood the nature of the solicitation

22        In its Opposition, the FTC states that consumers "had deposited the checks without

23   noticing the inconspicuous fine print," and presents as evidence all 28 consumer declarations

24   and all three consumer depositions   (Opposition, page 8)<sup>5</sup>  However, the paragraph references

25

     ⁵    In addition, the FTC cited unauthenticated documents (Exhs 74 and 95) and excerpts

26   from the deposition of Don Reese which, for the reasons stated above, are inadmissible.

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 10
Case No C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1   in these declarations and the deposition excerpts make no mention of not "noticing the

2   inconspicuous fine print" Rather, the witnesses generally state that they had not intended to

3   enroll in the internet service. Moreover, several of the witnesses specifically testified that they

4   did not remember even seeing the solicitation check.[6] These witnesses, in particular, thus could

5   not testify as to any "inconspicuous fine print"! In short, the FTC's citing of this testimony is

6   simply     -  _         .   .  -   .         the evidence. Another example of this embellishment

7   is the comment by the FTC that deponent Jack Robrecht used a magnifying glass in reading the

8   solicitation check  (Opposition, page 7) The FTC cited an excerpt of Mr. Robrecht's deposition,

9   but failed to include the portion of the deposition in which Mr. Robrecht stated that he used the

10  magnifying glass because he left his glasses at home  (Page 77, lines 7-22 – see, Exhibit "B"

11  attached hereto) The implication by the FTC is at best misleading

12          The admissible evidence presented by the FTC, without the embellishments, simply

13  shows that 31 consumers were billed for services for which they did not intend to purchase

14  Significantly, no evidence has been presented to establish the FTC's contention that these 31

15  consumers deposited the check because the terms were inconspicuous – as opposed to the

16  simple statistical probability that out of 4.4 million solicitation checks mailed, some will be

17  mistakenly deposited. (Which was the reason for the refund policy.)  At its core, the FTC's

18  position is based upon nothing more than a subjective belief that the marketing pieces mailed by

19  the defendants in this action were not clear and conspicuous. However, this subjective belief is

20  unsupported

## V. CONCLUSION

21

22          The FTC's entire position can be summarized by its statement on page 1 of the

23  Opposition that "this case is about defendants' deceptive representations on millions of

24  solicitation checks that led to more than 250,000 consumers and businesses to unknowingly sign

25
---
26   [6]      See e g., Ewing Decl, ¶ 8 (Exhibit 276); Loepkey Decl., ¶ 7 (Exhibit 286); and Silva
     Decl., ¶ 7 (Exhibit 292)

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 11
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1   up for a service they did not want." If this statement were true, then the defendants clearly

2   would have violated §45(a); however, this statement is not true. Every statement on the

3   marketing materials was accurate and the terms of the offer were fully disclosed. That is, there

4   was no "material representation, omission or practice ... likely to mislead consumers acting

5   reasonably in the circumstances." F.T C. v  Verity Intern , Ltd , 124 F Supp. 2d 193 (S D N.Y.

6   2000), citing F T C. v. Pantron I Corp., 33 F 3d 1088, 1095 (9th Cir  1994), cert. denied, 514

7   U.S. 1083, 115 S Ct. 1794, 131 L.Ed.2d 722 (1995).

8           The FTC has simply presented no evidence to support its ambitious contention, other

9   than inadmissible evidence and anecdotal evidence from 31 out of 4.4 million recipients of the

10  solicitation checks   Significantly, the FTC has presented no expert testimony showing that,

11  from a marketing perspective, the solicitation checks were misleading  Further, the FTC has

12  presented no surveys, samplings or other statistical expert testimony reflecting the

13  understandings of the actual customers  In fact, from the documents attached as exhibits to the

14  declarations and the depositions, it would appear that the 31 consumers who gave testimony

15  were selected by the FTC exclusively from a pool of consumers who filed complaints with

16  regulatory agencies[1]

17          The Hebard Defendants met their summary judgment burden by pointing out the

18  absence of facts to support the FTC's claims.  Hocking v. Duboise, 885 F.2d at 1454.  The

19  burden thus shifted to the FTC to come forward with specific facts, in evidentiary form,

20  showing that there remains a genuine fact issue.  S.E C  v. Murphy, 626 F.2d at 640.  The FTC

21  failed to meet this burden, but instead simply reiterated its subjective belief that the solicitation

22  checks were deceptive.  This subjective belief is unsupported, as is the FTC's entire case –

23  nothing but conjectures piled upon inferences piled upon assumptions.

24          Accordingly, the Hebard Defendants are entitled to summary judgment dismissing all

25  outstanding claims by the FTC pending against them

26

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 12
Case No  C00-1806L

**FOSTER PEPPER & SHEFELMAN PLLC**
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01

1    Respectfully submitted this 28ᵗʰ day of March, 2002

2                                   FOSTER PEPPER & SHEFELMAN, PLLC

3

4                       By: _____

5                                   Sarah K. Johnson, Esq., WSBA No. 30915
                                     1111 Third Avenue, Suite 3400
6                                   Seattle, Washington 98101
                                     Phone: (206) 447-4400
7                                   Facsimile: (206) 447-9700

8                                   FRIEDMAN & FEIGER, LLP
                                     Lawrence J Friedman, Esq
9                                   Texas State Bar No 07469300
                                     Ernest W Leonard, Esq.
10                                  Texas State Bar No. 12208750
                                     5301 Spring Valley Road, Suite 200
11                                  Dallas, Texas 75254
                                     Phone: (972) 788-1400
12                                  Facsimile: (972) 776-5313

13                                  Attorneys for
                                     FOR CHRIS HEBARD AND
14                                  COTO SETTLEMENT

15

16

17

18

19

20

21

22

23

24

25

26

REPLY BRIEF IN SUPPORT OF DEENDANTS CHRIS HEBARD
AND COTO SETTLEMENT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 13
Case No  C00-1806L

FOSTER PEPPER & SHEFELMAN PLLC
1111 THIRD AVENUE, SUITE 3400
SEATTLE, WASHINGTON 98101-3299 ♦ 206-447-4400

50316120 01