UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
FEDERAL TRADE COMMISSION,          )   No. C00-1806L
                                   )
                    Plaintiff,     )
       v.                          )   ORDER
                                   )
CYBERSPACE.COM, LLC, *et al.*,     )
                                   )
                    Defendants.    )
_____)

This matter comes before the Court on "Plaintiff's Status Report" and defendants' responses thereto. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) This matter can be decided on the papers submitted. Defendants Ian Eisenberg, French Dreams, and Olympic Telecommunications, Inc.'s request for oral argument is, therefore, DENIED.

(2) As contemplated by the Court, within one year from the entry of the Redress Order in this matter, the FTC was to be in a position to identify "the chosen method of distribution, the progress it has made and/or any difficulties it is having in identifying injured consumers, what percentage of the funds have been distributed, what further orders or directives of the Court are necessary to redress consumer injury, and any other information that is relevant to the enforcement of this Order." As of the filing of the one-year status report, the FTC has received $2,847,168 from defendants and collected information regarding injured consumers in

ORDER

preparation for the redress process.  The FTC has also requested the assistance of the Court in obtaining additional information from defendants regarding their financial records and assets. Plaintiff has not, however, chosen a distribution method or made any attempt to contact injured consumers, much less distributed any of the collected funds.  Defendants are rightly concerned that, by choosing to wait until the appellate process is complete, the FTC is squandering its chance to locate injured consumers using the least expensive means possible, namely the customer lists provided by defendants.  As the years pass, defendants' customer data becomes increasingly outdated and the FTC will have to initiate individual searches for each customer that has gone out of business, moved, or otherwise changed its contact information.

      While the Court is sympathetic to the FTC's desire to await the decision of the Ninth Circuit before attempting to contact injured consumers, plaintiff needs to take appropriate, cost-effective steps to ensure that those who are eligible for redress are not lost during the process.  The FTC is therefore directed to send a brief notice to all persons identified as injured consumers informing them of this litigation and the possibility of redress, advising them that the matter is still on appeal, and requesting that they let the FTC know about any change of address or contact information during the next two years.[1]  Plaintiff may, in its discretion, use this communication to transmit or request any other information it deems helpful or necessary to the consumer redress process.

(3) The Court is concerned that defendants Chris Hebard and Coto Settlement have taken an unreasonably narrow view of their obligations in this case.  At one point in their responsive memorandum, the Hebard defendants claim that they have "carefully responded" to the FTC's requests for information and accuse the FTC of ineptitude.  Response at 4.  It appears, however,

---

[1] Because the pending appeal poses a significant impediment to the actual disbursement of funds, the Court will not set a hard and fast deadline of two years in which to complete the consumer redress process.  The Eisenberg defendants' request for "clarification" of the Redress Order is therefore DENIED.

ORDER -2-

that the only care taken by these defendants is to parse the requests so finely that their obvious intent is ignored. The FTC seeks information regarding all assets held by the Hebard defendants or their families or held by other entities for the benefit of the Hebard defendants or their families. Somehow defendants, apparently with the assistance of counsel, came to the conclusion that accounts held by a company owned entirely, albeit indirectly, by Chris Hebard and his family's trust[2] did not fall within this request. Given such an inexplicable failure to comply with the FTC's requests for information (and similar failures outlined in the FTC's submission), the Court finds it hard to credit the Hebard defendants' conclusory and entirely unsupported claims of good faith, harassment, and destitution.

(4) The Eisenberg defendants, on the other hand, have responded appropriately to this Court's Redress Order and every request for information presented by the FTC. Given the recent disclosure of information related to the Bank Hoffman account, it does not appear that any further orders are necessary as to these defendants.

(5) The FTC's failure to file certain financial and personal information under seal is regrettable but does not appear to have been intentional or malicious.

IT IS HEREBY ORDERED that:

(a) The FTC shall, within 30 days from the date of this Order, send a notice to all injured consumers informing them of this litigation and the possibility of redress, advising them that the matter is still on appeal, and requesting that they let the FTC know about any change of address or contact information during the next two years. Plaintiff may, in its discretion, use this communication to transmit or request any other information it deems helpful or necessary to the consumer redress process.

---

[2] Ceylon, L.P. is a limited partnership, with St. Petersburg LLC as the 1% general partner and the Chris L. Hebard Family Trust as the 99% limited partner. Chris Hebard individually owned 100% of St. Petersburg LLC. Response at 3-4.

ORDER                             -3-

(b) Defendant Chris Hebard shall maintain and produce to the FTC upon request all records (including statements and cancelled checks) associated with his personal and business financial accounts.  Within 60 days of the date of this Order, defendant Chris Hebard shall request from Meridian and disclose to the FTC all bank records associated with himself and with any of his companies and shall disclose to the FTC all foreign accounts for the preceding five years that hold or held funds belonging to, or held for the benefit of, defendants, any of their entities (including corporations, trusts, and holding companies), their spouses, or their dependents.

DATED this 18th day of April, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER                -4-