UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
FEDERAL TRADE COMMISSION,            )    No. C00-1806L
                                     )
                    Plaintiff,       )
         v.                          )    ORDER GRANTING PLAINTIFF'S
                                     )    MOTION TO DEPOSIT FUNDS INTO
CYBERSPACE.COM, LLC, *et al.*,       )    THE REGISTRY OF THE COURT
                                     )
                    Defendants.      )
_____)

This matter comes before the Court on "Plaintiff's Motion Pursuant to Rule 67" to deposit the redress funds that the FTC has received in this case into an interest-bearing account in the Court's registry. Defendants do not oppose the FTC's request that the funds be placed in the registry of the Court. They do, however, object to the amount of money the FTC intends to spend to send notice about this litigation to injured consumers, as required by this Court's Order of April 18, 2005. Dkt. # 291. Defendants also object to the use of the redress funds to pay for the required notice in light of the pending Ninth Circuit appeal: defendants do not want the amount of money in the redress fund reduced in any way as long as there is a possibility that they might win on appeal and have the funds returned to them.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

ORDER GRANTING PLAINTIFF'S MOTION
TO DEPOSIT FUNDS INTO THE REGISTRY
OF THE COURT

(1) The FTC's unopposed motion to deposit of the redress funds into an interest bearing account in the registry of the Court is GRANTED. The FTC shall, within ten days of the date of this Order, deposit all sums paid by defendants (for a total of $2,847,168.03) into the registry of the Court.

(2) In the Order Regarding Amount of Consumer Injury and Disbursement of Funds (Dkt. # 245 at 8), the Court specifically found that the costs of contacting injured consumers and distributing funds shall be paid out of the redress fund. None of the parties has obtained a stay of the underlying judgment pending appeal and defendants have not identified any legal theory that would preclude the use of the redress funds as directed in the Court's Order. Since judgment was entered against them, defendants have taken inconsistent positions regarding the restitution process: they have alternately attempted to stay the portions of the redress order they do not like (such as the payment provisions) while seeking to enforce the portions that may ultimately benefit them (such as the contact provisions).

Having insisted that the FTC move forward with its efforts to contact injured consumers, defendants cannot avoid the funding mechanisms established in the redress order. All costs associated with the initial notice to the injured consumers informing them of this litigation and the possibility of redress, advising them that the matter is still on appeal, requesting that they let the FTC know about any change of address or contact information during the next two years, and transmitting or requesting any other information the FTC deems helpful or necessary will be paid out of the redress funds following their deposit into the registry of the Court. The FTC shall comply with the notice requirements set forth in the Court's April 18th order within thirty days of the date of this Order. Once a disbursement is made pursuant to the terms of paragraph (3) below, any refund that may be necessary following appeal will be reduced by the reasonable amounts expended by the FTC during the redress process.

ORDER GRANTING PLAINTIFF'S MOTION
TO DEPOSIT FUNDS INTO THE REGISTRY
OF THE COURT                              -2-

(3) Pursuant to 28 U.S.C. §§ 2041 and 2042, money held in the registry of the Court will be disbursed only by order of the Court.  When making a request for disbursement, the FTC shall provide supporting documentation sufficient to establish the need for and reasonableness of the request.  The Declaration of Jeanne M. Crouse (Dkt. # 293) would not be sufficient if offered for that purpose.  Besides its failure to specify a particular amount for disbursement, the declaration does not set forth the services/products to be purchased or whether the costs were determined through a competitive bidding process, past experience, an in-house vendor, etc.  In addition, Ms. Crouse's cost estimates appear to be hearsay: future requests for disbursement must be supported by admissible evidence regarding the services rendered and the costs thereof.

(4)  In order to give defendants and the Court an opportunity to evaluate the reasonableness of future disbursement requests, the FTC shall file and serve requests for disbursement of funds from the registry of the Court pursuant to Local Civil Rule 7(d)(2).  The request shall be noted on the Court's calendar for consideration no earlier than the seventh judicial day after filing.  Defendants shall file and serve any challenge to the reasonableness of the request no later than three judicial days before the noting date, with plaintiff's reply due on the noting date.

DATED this 16th day of June, 2005.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION
TO DEPOSIT FUNDS INTO THE REGISTRY
OF THE COURT                                              -3-