UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                    )
FEDERAL TRADE COMMISSION,           )   No. C00-1806L
                                    )
                    Plaintiff,      )
        v.                          )   ORDER GRANTING PLAINTIFF'S
                                    )   IN PART FIRST REQUEST FOR
CYBERSPACE.COM, LLC, *et al.*,      )   DISBURSEMENT OF FUNDS
                                    )
                    Defendants.     )
_____)

This matter comes before the Court on "Plaintiff's Motion for Partial Disbursement of Redress Funds to Pay for Notice to Consumers." Dkt. # 300. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The FTC, not the Court or defendants, is the entity charged with distributing redress to injured consumers. Limitations and procedural restrictions on the FTC's ability to contract must be considered when determining whether certain redress activities and the costs thereof are reasonable.

(2) Requiring the FTC to initiate a competitive bid process, conduct security checks, and secure the necessary bonds for each and every disbursement in this case would be inefficient, costly, and unnecessary. The two approved redress contractors were selected after a full and open competitive process and will compete against each other to obtain work related to this litigation. No additional bids need to solicited or considered.

ORDER GRANTING IN PART PLAINTIFF'S
FIRST  REQUEST FOR DISBURSEMENT

(3) The Clerk of Court shall disburse to the FTC $92,030.00 from the Court's registry for the preparation and initial mailing of the redress notice. The FTC shall reimburse Gilardi & Co. LLC for such costs upon completion of the initial mailing and presentation of an invoice.

(4) The following per unit costs are approved for follow-up services: (a) $30.00 per thousand pieces, or portion thereof, to sort returned mail; (b) $0.66 per piece to update the customer list to include address corrections for which forwarding orders have expired; and (c) $3.00 (including postage) per piece to re-mail notices to corrected addresses. All such costs shall be paid from the Court's registry upon separate motion by the FTC once the actual amounts are determined.

(5) The FTC has not provided an estimate of the amount Gilardi & Co. LLC may spend to forward to the FTC undeliverable mail and stray responses. Without information regarding the method by which mail will be forwarded or the estimated per piece cost, the Court will not provide advance authorization for reimbursement of such costs. If, for example, Gilardi & Co. LLC opted to forward each item via an overnight service, such costs would not be reasonable and would not be fully reimbursed.

(6) The FTC is directed to comply with the Court's April 18th Order within twelve business days after entry of this Order.

DATED this 18th day of July, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART PLAINTIFF'S
FIRST REQUEST FOR DISBURSEMENT            -2-