UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
FEDERAL TRADE COMMISSION,          )    No. C00-1806RSL
                                   )
           Plaintiff,              )
                                   )
     v.                            )    ORDER GRANTING PLAINTIFF'S
                                   )    SECOND REQUEST FOR
CYBERSPACE.COM, LLC, *et al.*,     )    DISBURSEMENT OF FUNDS
                                   )
           Defendants.             )
_____)

This matter comes before the Court on "Plaintiff's Motion for Court Approval of Costs Associated with the Next Phase of Consumer Redress." (Dkt. #311). The Eisenberg defendants responded to the motion but the Hebard defendants did not. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

(1) The contractor and the processes proposed by the FTC are reasonable. Therefore, the FTC may use the services of Gilardi & Co., LLC ("Gilardi"), which conducted the initial phase of consumer redress in this case, to complete the redress process.

(2) The following services and costs are approved:

    a)    $5.45 per piece to analyze the redress responses and letters, to prepare a Preliminary Redress List, and to segregate the unclear, ambiguous, or incomplete responses;

    b)    $5.00 per piece to send "deficiency letters" to consumers whose responses are unclear, ambiguous, or incomplete, analyze the clarifications when received, and add qualified consumers to the Preliminary Redress List;

ORDER GRANTING PLAINTIFF'S SECOND
REQUEST FOR DISBURSEMENT

  c)  $3.50 per piece to search for updated addresses for any returned "deficiency letters," resend the "deficiency letter" to updated addresses, process the responses, and prepare a list of consumers qualified to receive redress;

  d)  $3.65 per piece to issue and mail redress checks to every consumer qualified to receive redress;

  e)  $1500 per year in which there is taxable income to prepare and file federal and state tax returns;

  f)  $3500.00 to prepare a Final Report;

  g)  actual costs of applicable postage increases since July 2002; and

  h)  ten percent (10%) of the interest earned in the Cyberspace account in the Court's Registry, which will be paid to the Registry before final disbursement of any remaining funds, after redress is completed.

(3) All the foregoing costs shall be paid from the Court's registry upon separate motion by the FTC once the actual costs are determined.

(4) The Eisenberg defendants seek an order requiring milestones to ensure that the redress process is completed within 120 days. They argue that the docket in this case includes a substantial unsatisfied judgment against Mr. Eisenberg that allegedly hinders his day-to-day life and should not be unnecessarily prolonged. The FTC acknowledges that the funds already paid should be sufficient to reimburse consumers. However, approximately 40,000 redress notice postcards were returned to Gilardi as undeliverable. The FTC currently proposes that no additional action be taken with regards to those notices. However, after the steps outlined above are completed, the FTC may request, and the Court may order, that additional steps be taken to address those returned notices. Based on the current record, it is unclear whether that might occur or how long that process might take to complete. Accordingly, the Court will not order that the redress process be completed within a specified amount of time.

(5) The FTC proposes that if funds remain in the Court's registry after all claims are paid, that they be returned to the defendants on a pro rata basis. The Eisenberg defendants request a different distribution. The Court will address the issue on a motion after the

ORDER GRANTING PLAINTIFF'S SECOND
REQUEST FOR DISBURSEMENT  -2-

1  reimbursement process is complete.

2      (6) The Eisenberg defendants also request greater "transparency and visibility into the process and its progress towards defined milestones." Eisenbergs' Response at p. 5. For example, they request to be privy to the results of Gilardi's analysis and the proposed deficiency letter. The FTC is responsible for distributing redress to injured consumers and has vast experience in doing so. Defendants are not entitled to micromanage the process. Accordingly, the Court will not require the FTC to share with defendants the proposed deficiency letter. Furthermore, the FTC states that once it seeks release of the funds, it intends to provide the Court and defendants with the results of each of the steps that Gilardi takes. Therefore, defendants will be privy to the results at that time.

    For all of the foregoing reasons, Plaintiff's Motion for Court Approval of Costs Associated with the Next Phase of Consumer Redress (Dkt. #311) is GRANTED.

    DATED this 5th day of February, 2007.

*(signature)*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S SECOND
REQUEST FOR DISBURSEMENT            -3-